# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EUGENE J. LUCAS,**<br>    **Plaintiff,**<br><br>    v<br>**ADVANCE STORES COMPANY,**<br>**INCORPORATED** *doing business as*<br>"ADVANCE AUTO PARTS," a fictitious entity,<br>    **Defendant.** | )<br>)<br>)<br>)   **2:11-cv-290**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Now pending before the Court is DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Document No. 7). Defendant filed a brief in support, Plaintiff filed a response and brief in opposition, and the motion is ripe for disposition.

Contrary to the title of the motion, Defendant is not seeking dismissal of the entire Complaint, but rather, dismissal of only one of the four counts set forth therein. Specifically, Defendant contends that Count IV fails to state a valid claim under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 et seq., on the theory that Plaintiff has failed to allege the existence of a contract with Defendant pursuant to which he was owed overtime wages. Defendant's entire legal argument is less than one page in length.

In response, Plaintiff cites to ¶ 70 of the Complaint, which specifically alleges that he entered into an agreement with Defendant, pursuant to which he was to receive hourly wages in compensation for his work. He also cites to ¶¶ 26 and 29 of the Complaint, which allege that Lucas was paid by the hour, but never received overtime pay when he worked more than forty (40) hours per week.

In *Bair v. Purcell*, 2010 WL 3282653 (M.D. Pa., August 17, 2010), the district court explained that there are three elements to a WPCL claim: (1) Plaintiff must be employed by Defendant during the relevant time period in question; (2) he must be entitled to unpaid wages; and (3) Defendant must have failed to timely and unconditionally pay those wages. Plaintiff's Complaint properly pleads these elements. In addition to the paragraphs cited above, ¶ 11 avers that Lucas was employed by Defendant for over twelve years until his discharge in March 2010 and ¶ 16 avers that Lucas was paid a forty (40) hour base salary but did not receive wages at a rate of time and a half for the hours he worked in excess of forty hours per week. In sum, Plaintiff has pled a valid WPCL claim.

In accordance with the foregoing, DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Document No. 7) is **DENIED**. Defendant shall file an Answer to the Complaint on or before June 17, 2011.

SO ORDERED this 3rd day of June, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Michael Joyce, Esquire**
Email: michaeljoyce1@verizon.net

**Douglas G. Smith, Esquire**
Email: smithd@jacksonlewis.com
**Lauren N. Diulus, Esquire**
Email: diulusl@jacksonlewis.com